EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GABRIEL DELGADO HERNÁNDEZ, acusado y apelante.

Número: CR–62–297  Resuelto: 15 de marzo de 1963

*Israel Delgado Ramos,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

El día 14 de julio de 1961, el Juez de Paz de Las Piedras, a base de una declaración jurada prestada ante él por un agente de orden público, expidió una orden de allanamiento

para que se registrara determinada residencia del ciudadano Modesto Delgado, radicada en el sitio Las Parcelas del barrio Daguao del municipio de Naguabo, en busca de bebidas alcohólicas clandestinas. Al siguiente día se procedió al registro por ese agente y otros dos compañeros. Modesto no estaba entonces en su casa, pero sí estaban su hijo Gabriel Delgado Hernández y la señora de éste.

No se encontraron allí bebidas alcohólicas clandestinas, pero, como declaró en juicio uno de los agentes: ". . . mientras registrábamos la casa, detrás de una cama, en un cuarto, encontramos una pistola alemana calibre 7.65, serie 143595." Gabriel les dijo, al encontrarse la pistola, que dicha arma "era de él, que se la había dado un amigo para limpiarla."

Cuatro días después el fiscal acusó a Gabriel por infracción al Art. 6 de la Ley de Armas, ante el Tribunal Superior, Sala de Humacao, por tener y poseer un arma de fuego (pistola) sin tener licencia para ello.

En el tribunal de instancia pidió el acusado la declaración de nulidad de la orden de allanamiento fundado en que "la declaración jurada del policía William Santiago Paredes, que es la que sirvió de base para la expedición . . . , es insuficiente para determinar causa probable."

Discutida por las partes la cuestión, el Tribunal Superior declaró sin lugar la moción y procedió a la vista del caso en sus méritos. El Pueblo presentó como testigo a uno de los agentes que practicaron el registro y ocuparon la pistola. El arma fue ofrecida y admitida como evidencia. El acusado ofreció en su defensa únicamente el testimonio del agente que prestó la declaración jurada en que se fundó la orden de allanamiento. No prestó testimonio en juicio. Sometido el caso al Tribunal éste declaró culpable a Gabriel Delgado Hernández de infracción al Art. 6 de la Ley de Armas,(1)

---

(1) Dispone ese artículo lo siguiente:

"Toda persona que tenga o posea cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave, y si ha sido convicta con anterioridad de cualquier infracción a este capí-

y le impuso una pena de un año de cárcel. (²)

Ante nos alega el acusado que el tribunal a quo cometió error al decidir que la declaración jurada del agente era suficiente para expedir la orden de allanamiento y al decidir que ésta no era nula a pesar de que en ella el magistrado que la libró había añadido "hechos que dicho Magistrado no tuvo ante sí."

No tiene razón en su primer señalamiento. A juicio nuestro la declaración del agente era suficiente en derecho para librar la orden de allanamiento. Basta una simple lectura de la misma para convencernos de ello. (³)

Tampoco la tiene en el segundo. La relación del contenido de la declaración que en su orden de allanamiento hizo el Juez de Paz se ajusta sustancialmente a la exposición de hechos que hizo el agente en su declaración. Una simple variación en la forma de exposición de los mismos

---

tulo o de cualquiera de los delitos especificados en la sec. 427 de este título, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave."

(²) La penalidad fijada por el estatuto por esta infracción es de "cárcel por un término no menor de seis (6) meses ni mayor de dos (2) años."

(³) Dice así la declaración:

"En el Tribunal de Paz de Puerto Rico, Sala de Las Piedras, P. R. Estados Unidos de América, El Presidente de los Estados Unidos, El Pueblo de Puerto Rico vs. Modesto Delgado, Res. en Parcelas Bo. Daguao de Naguabo, P. R. Declaración jurada de Gdia. William Santiago Paredes Núm. 2408. En Las Piedras, Puerto Rico, a 14 de julio de 1961, ante este Tribunal comparece el Gdia. William Santiago Paredes Núm. 2408, mayor de edad, vecino de Humacao, P. R. y previo juramento conforme a la ley, declara: Que mi nombre, apellidos y demás circunstancias personales son las que quedan arriba indicadas. Que me consta de propio conocimiento, porque lo he visto, que el Sr. Modesto Delgado, quien reside en una casa construida de madera y zinc, que tiene una puerta para el lado Norte, una ventana para el lado Sur, una puerta y una ventana para el lado Este, una puerta y una ventana para el lado Oeste, sin balcón y con el techo pintado de rojo, ubicada en las Parcelas del Bo. Daguao de Naguabo, P.R., tiene allí en su residencia bajo su posesión y con fines de venta, bebidas alcohólicas clandestinas (Ron Caña) y los envases que contienen dichas bebidas no tienen adheridos sellos de rentas internas de P. R., creditivos de haberse pagado arbitrios sobre las mismas. Que me consta de propio conocimiento, la posesión y venta de ron caña por Modesto Delgado, porque el día 13 de julio de 1961, a las

hechos o actos no equivale a "añadir hechos que dicho Magistrado no tuvo ante sí."

■ El recurso por lo expuesto, no debe prosperar respecto a la revocación del fallo apelado. Sin embargo, a juicio nuestro, considerando las circunstancias concurrentes en el caso, y bajo el amparo de las facultades que al efecto nos conceden los Arts. 28 del Código Penal y 364 del Código de Enjuiciamiento Criminal, debe modificarse el castigo de un año de cárcel impuesto al apelante, fijándolo en seis meses de cárcel.

■ Generalmente hemos presumido que el juzgador ha ejercido sabia y correctamente la discreción que le confiere la Ley para determinar la pena que ha de imponer al acusado, cuando las constancias de autos no justificaren lo contrario. En el presente caso, aparentemente, es la primera vez que este joven acusado apelante es llamado a responder por un delito público; el expediente del recurso demuestra que tan pronto como se encontró la pistola en la casa de su

10:00 A.M. me encontraba en las Parcelas del Bo. Daguao de Naguabo, P.R., en gestiones oficiales de mi cargo, llegué a la casa de Modesto Delgado y éste y yo nos pusimos a conversar en el batey. A los pocos minutos llegó allí un individuo y le pidió un palo de ron a Modesto. Que Modesto le dijo al individuo que subiera a la casa, que él iba para allá enseguida y entonces me invitó a mí a entrar a su casa. El entró primero y yo le seguí. Que Modesto fue directamente a un cuarto y salió de nuevo con un envase de un galón de cristal en la mano, medio de bebida y lo llevó a una mesa donde en un vaso de cristal le sirvió un palo al hombre que había llegado. Que este individuo, dirigiéndose a mí me dijo: "amigo, dése un palo" y a la vez le dijo a Modesto: "Sírvale un palo don Modesto". Yo dije: "Chiquito don Modesto, para probarlo nada más, que yo no estoy acostumbrado a tomar". Que don Modesto me sirvió el palo de ron en otro vaso y yo primero lo olí y era ron caña, luego me lo tomé y efectivamente era ron caña. Que el individuo se puso a hablar con don Modesto y yo me despedí de ellos y me fui. Por lo anteriormente declarado, que son hechos de propio conocimiento, solicito de ese Hon. Tribunal, expida una Orden de Registro o Allanamiento para la residencia de Modesto Delgado, anteriormente descrita, para ocupar allí todo envase que contenga ron caña, bebida clandestina sobre la cual no se haya pagado arbitrios al Hon. Secretario de Hacienda de P.R. Fdo. William Santiago Paredes Núm. 2408. Jurada y suscrita ante mí hoy 14 de julio de 1961. Fdo. F. Rodríguez, Juez."

padre él admitió su tenencia y posesión; es por la misma prueba del Pueblo que se establece que esa tenencia o posesión había sido originada por un encargo de un amigo para que le limpiara esa pistola, desprendiéndose de la prueba la posibilidad de que no fuera el arma propiedad del acusado; en juicio éste no negó esa tenencia o posesión. No se demostró la concurrencia de circunstancias agravantes en la comisión del delito. El cuadro de hechos en esta apelación nos ha dejado la impresión de un hijo que, inesperadamente, se ha dispuesto a sufrir las consecuencias de los posibles malos actos de su padre.

*Deberá modificarse la sentencia imponiéndosele al acusado apelante una pena de seis meses de cárcel y, así modificada, se confirmará.*